UNITED STATES DISTRICT COURT SOUTHERN/EASTERN DISTRICT OF NEW YORK

-----------------------------------------------X

JULIA JOHN, Plaintiff,

-vs- Case No.

THE CITY OF NEW YORK; NYPD OFFICER CHRISTOPHER DAGUANNO (TAX ID #957506); NYPD SERGEANT KHURRAM ZUBAIR (TAX ID #962891); JOHN DOES 1–3 (names presently unknown), all NYPD OFFICERS involved in Plaintiff's unlawful stop, arrest, excessive force, search, and detention, Defendants.

-----------------------------------------------X

**COMPLAINT**

Plaintiff Julia John, by her attorney, alleges as follows:

---

**PRELIMINARY STATEMENT**

1. This is a civil rights action seeking monetary damages against the City of New York and officers of the New York Police Department (NYPD) for violations of Plaintiff's constitutional rights, including unlawful seizure, false arrest, excessive force, warrantless search, and race-based discrimination.

2. On February 10, 2024, Plaintiff, an African American woman with a learner's permit, was driving near 890 Quincy Street in Brooklyn when she was pulled over by NYPD officers, including Officer Christopher Daguanno and Sergeant Khurram Zubair, without reasonable suspicion that she had violated any offense. She was then aggressively arrested for driving with a suspended license without probable cause — despite her having never received notice of such suspension. Nor did the arresting officers have probable cause to believe that she had received such notice.

3. The arresting officers failed to issue a desk appearance ticket, as required under CPL § 150.20, and instead subjected Plaintiff to custodial arrest, physical force, and a warrantless search of her vehicle. The vehicle was not impounded, towed, or ticketed.

4. During the stop, officers slapped Plaintiff's phone out of her hand and slammed her body against the car, causing her physical injury. Plaintiff sought medical care for

hip and back pain, was prescribed muscle relaxants, and continues to experience discomfort.

5. Plaintiff's friend, Tyshia Fair, who was present in the car, attempted to record the incident on her phone but Officers screamed at her, slapped her phone away, and ordered her to leave.

6. Upon her release from custody several hours later, Plaintiff was arraigned and prosecuted, but all charges were subsequently dismissed and sealed pursuant to CPL § 160.50.

7. The same officers were reportedly involved in a separate incident shortly thereafter involving another acquaintance of Plaintiff, reinforcing a pattern of excessive force and racial profiling.

8. Plaintiff timely filed a Notice of Claim with the City of New York on May 10, 2024.

9. This action arises under 42 U.S.C. §§ 1983, 1985, 1986, the Fourth, Fifth, and Fourteenth Amendments to the U.S. Constitution, and New York State common law.

---

**JURISDICTION AND VENUE**

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343, and supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367.

8. Venue is proper in the Eastern District of New York under 28 U.S.C. § 1391(b) because the events giving rise to these claims occurred in Kings County (Brooklyn), within this District.

---

**PARTIES**

9. Plaintiff Julia John is an African American woman and a resident of the State of New York.

10. Defendant THE CITY OF NEW YORK is a municipal corporation responsible for the NYPD and its officers' conduct.

11. Defendant Officer Christopher Daguanno (Tax ID #957506) and Sergeant Khurram Zubair (Tax ID #962891) are NYPD employees who acted under color of state law.

12. Defendants John Does 1–3 are NYPD officers whose names are presently unknown. They participated in the stop, arrest, use of force, and unlawful search. They are sued in their individual and official capacities.

---

**STATEMENT OF FACTS**

13. On or about February 10, 2024, Plaintiff was operating a vehicle in Brooklyn, New York.

14. She was stopped by five male NYPD officers, including Defendants Daguanno and Zubair, at or near 890 Quincy Street.

15. Officers aggressively ordered Plaintiff out of the car and informed her she was being arrested for driving with a suspended license. They lacked probable cause to arrest her on this charge.

16. Officers slapped Plaintiff's phone out of her hand and slammed her against the vehicle. Plaintiff experienced immediate pain and sustained injuries that continued for months.

17. Defendants then searched Plaintiff's car without a warrant or any applicable exception under the Fourth Amendment.

18. Plaintiff was transported to a precinct and held in custody for several hours before her release. She was later arraigned on charges that were ultimately dismissed.

19. During the incident, the officers also used physical force and aggressive shouting to intimidate Plaintiff's female companion, Tyisha (last name unknown), who attempted to film the arrest. They slapped her phone away as well.

20. Two of the same officers were later involved in a separate false arrest and excessive force incident involving another friend of Plaintiff.

21. Plaintiff suffered ongoing physical pain, humiliation, and emotional trauma as a result of Defendants' conduct.

22. She timely filed a Notice of Claim with the City of New York on May 10, 2024.

---

**CAUSES OF ACTION**

**FIRST CAUSE OF ACTION**

(Violation of Fourth Amendment – Unlawful Seizure and Arrest under 42 U.S.C. § 1983)

23. Plaintiff was seized and arrested without probable cause, in violation of her Fourth Amendment rights.

**SECOND CAUSE OF ACTION**

(Excessive Force under 42 U.S.C. § 1983)

24. Officers used force that was objectively unreasonable under the circumstances, including slamming Plaintiff into the car and slapping her phone away.

**THIRD CAUSE OF ACTION**

(Warrantless Search under 42 U.S.C. § 1983)

25. Defendants searched Plaintiff's car without legal justification, in violation of her Fourth Amendment rights.

**FOURTH CAUSE OF ACTION**

(False Arrest and Imprisonment – New York State Law)

26. Plaintiff was arrested and detained without legal cause under New York common law.

**FIFTH CAUSE OF ACTION**

(Racial Discrimination under 42 U.S.C. § 1981 and NYCHRL)

27. Plaintiff was targeted and treated with hostility in part because of her race and gender.

**SIXTH CAUSE OF ACTION**

(Municipal Liability under Monell – 42 U.S.C. § 1983)

28. The violations described herein were caused by policies, customs, or deliberate indifference on the part of the City of New York.

29. On information and belief, the City of New York has failed to discipline or retrain officers involved in similar unlawful stops, excessive force incidents, and warrantless searches. The NYPD's Civilian Complaint Review Board (CCRB) data and litigation records reflect a pattern of such misconduct, particularly within the Brooklyn North Patrol Borough.

**SEVENTH CAUSE OF ACTION**

(Failure to Intervene – 42 U.S.C. § 1983)

30. One or more Defendants had a realistic opportunity to intervene to prevent the constitutional violations described herein, including Plaintiff's arrest without probable cause and the use of excessive force.

31. Despite that opportunity, Defendants failed to intervene, in violation of Plaintiff's constitutional rights under the Fourth and Fourteenth Amendments.

---

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests the following relief:

a) Compensatory damages in an amount exceeding $1 million; b) Punitive damages against the individual defendants; c) Attorneys' fees and costs pursuant to 42 U.S.C. § 1988; d) Pre- and post-judgment interest; and e) Such other and further relief as this Court deems just and proper.

---

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

Dated: May 12, 2025
New York, NY

Respectfully submitted,



Kent Gubrud, Esq
Attorney for Plaintiff
315 Madison Avenue #3055
New York, New York 10017
(212) 968-8818
KentGubrud@fastmail.com