**STEVEN BANKS**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**ODALMY RUIZ**
*Assistant Corporation Counsel*
Phone: (212) 356-5053
Fax: (212) 356-3059
odaruiz@law.nyc.gov

October 8, 2026

**VIA ECF**
Honorable Jennifer Willis
United States Magistrate Judge
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

Re: Julia John v. City of New York, et al.,
25-CV-3949 (VSB)(JW)

Your Honor:

I am an Assistant Corporation Counsel in the Office of Steven Banks, Corporation Counsel of the City of New York, and the attorney representing Defendants City of New York, Police Officer Christopher Daguanno, and Sergeant Khurram Zubair ("Defendants") in the above-captioned case. Defendants respectfully write to renew their request for a stay of discovery pending resolution of their motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). Plaintiff's counsel does not consent to this request.

By way of relevant background, Plaintiff alleges, *inter alia*, claims for false arrest and excessive force arising from her arrest on February 10, 2024. (*See* ECF No. 10). On May 13, 2025, the matter was referred to the SDNY Local Civil Rule 83.10 Plan. On August 19, 2026, Defendants submitted a proposed briefing schedule for their anticipated motion for judgment on the pleadings pursuant to Rule 12(c), which the Court subsequently endorsed. (*See* ECF Nos. 26–27). Pursuant to that schedule, Defendants were directed to file their moving papers by September 29, 2026; Plaintiff's opposition is due October 29, 2026; and Defendants' reply is due November 12, 2026. *Id.* On August 20, 2026, the Court held an initial conference concerning the parties' proposed case management plan, which the Court endorsed. (See ECF No. 28). During that conference, Your Honor denied Defendants' request to stay discovery pending the filing and resolution of their anticipated dispositive motion. *Id.* Since that conference, however, Defendants have filed their motion for judgment on the pleadings, together with supporting exhibits, in accordance with District Judge Vernon S. Broderick's Individual Practice Rules. (*See* ECF Nos. 30–32). Accordingly, Defendants respectfully renew their request in light of the motion now pending before the Court and its potential to dispose of this action in its entirety.

Defendants submit that a stay of discovery is warranted under the circumstances presented here. District courts possess broad discretion to stay discovery in order to promote judicial economy and to protect parties from undue burden and expense. Fed. R. Civ. P. 26(c); *Khan v. New York City*, 757 F. Supp. 3d 327, 334 (E.D.N.Y. 2024). Courts have considered the following factors in determining whether a stay of discovery is appropriate pending the outcome of a dispositive motion: (1) whether the defendant has made a strong showing that the plaintiff's claim is unmeritorious; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay." *Thomas v. New York City Dep't of Educ.*, No. 09-CV-5167 (SLT), 2010 U.S. Dist. LEXIS 95798, 2010 WL 3709923, at *3 (E.D.N.Y. Sept. 14, 2010). However, these factors are not dispositive, and the court must ultimately "depend[] on the particular circumstances and posture of each case." *Hachette Distribution, Inc. v. Hudson County News Co. Inc.*, 136 F.R.D. 356, 358 (E.D.N.Y. 1991). When a "defendant's motion to dismiss is potentially dispositive and does not appear to be unfounded in the law," courts in this Circuit routinely stay discovery as a dispositive motion may eliminate the need for discovery altogether. *Johnson v. N.Y. Univ. Sch. Of Educ*., 205 F.R.D. 433, 434 (S.D.N.Y. 2002).

Here, Defendants' pending Rule 12(c) motion seeks dismissal of the Amended Complaint in its entirety and presents substantial legal grounds for doing so without further discovery. Specifically, Defendants argue that Plaintiff's unlawful stop claim fails because the officers possessed reasonable suspicion to initiate the traffic stop after observing an equipment violation involving Plaintiff's vehicle. Defendants further argue that Plaintiff's false arrest claim fails because the officers had probable cause to arrest her for violations of New York Vehicle and Traffic Law §§ 375, 509(1), and 511, particularly where Plaintiff produced only a learner's permit and a subsequent New York State Department of Motor Vehicles records check revealed that her driving privilege was suspended. Defendants also contend that Plaintiff's unlawful search claim fails because her vehicle was lawfully taken into NYPD custody following her arrest and was subject to a permissible inventory search. (*See* ECF No. 30).

Significantly, Defendants' motion also challenges Plaintiff's excessive force allegations based upon the body worn camera footage expressly referenced and relied upon in the Complaint. As set forth in the motion, the footage depicts Plaintiff being handcuffed and escorted to the police vehicle without the applications of force alleged in the Complaint, including being slammed against her vehicle or having an officer place his knee against her hip. Defendants therefore contend that the objective evidence contradicts the material allegations underlying Plaintiff's excessive force claim. Moreover, Defendants argue that the individual officers are entitled to qualified immunity because their conduct was, at minimum, objectively reasonable under the circumstances. *Id.* Defendants additionally seek dismissal of Plaintiff's remaining claims for race discrimination under the Equal Protection Clause, 42 U.S.C. § 1981, and the New York City Human Rights Law; failure to intervene; municipal liability under *Monell*; and state law assault and battery and negligent infliction of emotional distress claims. Defendants argue that these claims are legally deficient and/or unsupported by sufficient factual allegations to establish liability. Defendants further contend that the Court should decline to exercise supplemental jurisdiction over any remaining state-law claims and that leave to amend should be denied as futile. *Id.*

Importantly, Defendants' motion does not depend upon factual development through discovery. Rather, it principally concerns the legal sufficiency of Plaintiff's allegations, the

objective video evidence expressly invoked in the Complaint, and the DMV records submitted in support of the motion. Defendants maintain that these materials are properly considered at the pleadings stage and provide a sufficient basis for the Court to resolve the pending motion without further discovery. *See Gandler v. Nazarov*, No. 94 Civ. 2272 (CSH), 1994 U.S. Dist. LEXIS 17885, 1994 WL 702004, at *4 (S.D.N.Y. Dec. 14, 1994) (staying discovery where motion to dismiss "is potentially dispositive, and appears to be not unfounded in the law"); *Cohen v. Saraya USA, Inc.*, No. 23-CV-8079 (NJC) (JMW), 2024 U.S. Dist. LEXIS 9406, 2024 WL 198405, at *3 (E.D.N.Y. Jan. 18, 2024) (granting motion to stay discovery when 12(b)(6) motion would be fully dispositive and involved pure questions of law); *See Oxman v. Downs,* 999 F. Supp. 2d 404, 408 (E.D.N.Y. Feb. 14, 2014) ("[T]he Court 'may take judicial notice of the records of state administrative procedures as these are public records, without converting a motion to dismiss to one for summary judgment.'"); *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 422 (2d Cir. 2011). (quoting *Roberts v. Babkiewicz*, 582 F.3d 418, 419 (2d Cir. 2009)). Accordingly, because Defendants' motion is not "unfounded in law," this factor weighs in favor of Defendants.

Moreover, proceeding with discovery while the motion remains pending would impose unnecessary burdens and expenses on the parties, particularly where the motion may eliminate the need for discovery altogether. Plaintiff's allegations encompass numerous constitutional and state-law claims, including claims concerning the traffic stop, arrest, use of force, vehicle search, alleged discrimination, and purported municipal policies and practices. Discovery into these allegations could entail document production, depositions of individual officers, and potentially broader discovery concerning municipal policies, training, and supervision. Requiring the parties to undertake such discovery before the Court determines whether Plaintiff has stated any viable claims would risk expending substantial resources on issues that may ultimately be dismissed. Conversely, if any claims survive the pending motion, discovery may proceed in a more focused and efficient manner, limited to those claims remaining in the action.

Defendants further submit that Plaintiff would not suffer undue prejudice from a temporary stay of discovery. Courts have recognized that mere delay, without additional circumstances demonstrating prejudice, is insufficient to defeat a request for a stay. *See Rensselaer Polytechnic Inst. v. Apple Inc.*, No. 1:13-CV-0633 (DEP), 2014 U.S. Dist. LEXIS 5186, at *11 (N.D.N.Y. Jan. 15, 2014); *O'Sullivan v. Deutsche Bank AG*, No. 17-cv-8709, 2018 U.S. Dist. LEXIS 70418, 2018 WL 1989585, at *9 (S.D.N.Y. Apr. 26, 2018). Here, Plaintiff has already received Defendants' Rule 26(a) initial disclosures, including the body worn camera footage depicting the underlying encounter, as well as limited discovery exchanged pursuant to the Local Civil Rule 83.10 Plan. Thus, Plaintiff already possesses significant contemporaneous evidence relating to the incident underlying her claims. A stay would therefore preserve the parties' resources without depriving Plaintiff of access to the principal evidence concerning the encounter while the Court considers the pending motion.

In light of the foregoing, and particularly because Defendants have now filed a potentially dispositive motion supported by objective evidence that directly addresses the allegations underlying Plaintiff's claims, Defendants respectfully renew their request for a stay of discovery pending their motion to dismiss. A stay would promote judicial efficiency, avoid unnecessary discovery expenses, and permit the parties to focus their resources on the claims, if any, that remain following resolution of the pending motion.

Accordingly, Defendants respectfully renew their request that the Court stay discovery pending resolution of their motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). If successful, Defendants' motion would dispose of Plaintiff's claims in their entirety and eliminate the need for further discovery. Moreover, because the requested stay would remain in effect only for the duration of the Court's consideration of the pending motion, Plaintiff would suffer no undue prejudice from the limited delay. Accordingly, Defendants respectfully request that the Court grant a stay of discovery pending resolution of Defendants' Rule 12(c) motion.

Defendants thank the Court for its time and consideration.

Respectfully submitted,

/s/*Odalmy Ruiz*
Odalmy Ruiz
*Assistant Corporation Counsel*
Special Federal Litigation Division

Cc: **VIA ECF**
Kent Gubrud, Esq.
*Attorney for Plaintiff*

Based on the Court's review of the body worn camera footage, the Court finds that "defendant's motion to dismiss is potentially dispositive and does not appear to be unfounded in the law." Johnson v. N.Y. Univ. Sch. Of Educ., 205 F.R.D. 433, 434 (S.D.N.Y. 2002). Having found good cause pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, Defendants' request to stay discovery pending resolution of their motion for judgment on the pleadings is therefore GRANTED. In the event the motion for judgment on the pleadings does not dispose of the entire case, the parties are to file a proposed amended case management plan **within seven days** of that order. SO ORDERED.

Jennifer E. Willis

JENNIFER E. WILLIS
United States Magistrate Judge
November 10, 2026